Forro *v.* The Buckeye Realty of Cleveland, Inc.

(Decided June 17, 1929.)

*Mr. E. J. Kovanda,* for plaintiff.
*Mr. I. R. Morris,* for defendant.

Justice, J. This cause comes here upon plaintiff's appeal from the court of common pleas of Cuyahoga county, and is submitted upon a transcript of the evidence taken before a master commissioner for that court.

The action is for the specific performance of a certain land contract. Differences of opinion had arisen between plaintiff and defendant regarding certain real estate transactions, and in order to adjust and compromise these differences they, on January 25,

1927, in writing, entered into the contract upon which suit is brought. In the contract it is provided that a certain escrow statement is correct; that a certain sum of money is due upon a mortgage; that payments upon said mortgage shall be made upon certain days; that plaintiff, Louis Forro, shall on or before May 1, 1927, convey to defendant by warranty deed with proper release of dower sublot No. 215 in the Scott-Hall-Clark Company subdivision; and that defendant shall accept said deed and pay plaintiff therefor the sum of $675.

The contract contains, among others, the following provisions:

"It is further understood and agreed that in the event Louis Forro is unable to furnish a good and sufficient deed of general warranty, with proper release of dower on the part of his wife * * * by May 1st, 1927, then there shall be no obligation on the part of the Buckeye Realty of Cleveland, Inc., to carry out the aforesaid purchase agreement.

"It is understood that time shall be of the essence of this contract."

The facts out of which the controversy here arises are not in dispute, and, briefly, are as follows: Plaintiff signed and acknowledged the deed in Cleveland. His wife resides in Czechoslavakia. The deed was sent to her for her signature and acknowledgment. She signed it, and the acknowledgment was made in the language of her country. The deed was returned to Cleveland. On April 7, 1927, it was taken and delivered to defendant. The defendant requested that the deed be taken to the office of the Cuyahoga Abstract Company, of Cleveland, and delivered to a Mr. Brenner. The plaintiff on April 8, 1927, deliv-

ered it to Mr. Brenner, who examined the deed, and, noting that the acknowledgment of the plaintiff's wife was in the Czechoslavakian language, requested the plaintiff to take the deed to the Czechoslavakian consul and have the acknowledgment translated into English. The plaintiff took the deed to the Czechoslavakian consul and delivered it to him. Thereafter the acknowledgment of the wife was translated into the English language, and on or about May 5, 1927, the deed was returned to Mr. Brenner of the Cuyahoga Abstract Company. The defendant company refused to accept the deed and pay the purchase price therefor, and thereupon plaintiff instituted the action at bar.

It is claimed by the defendant that specific performance does not lie. With this contention we are not in accord. We quote from Pomeroy's Specific Performance of Contracts (3d Ed.), Section 6: "The right to a specific performance, if it exists at all, is, and necessarily must be, mutual; in other words, it is and must be held, and be capable of being enjoyed alike by both parties in every agreement to which the jurisdiction extends."

Manifestly the defendant could have invoked the remedy of specific performance had the plaintiff refused to convey to it the real estate described in the petition. Hence it follows that the action at bar is maintainable.

It is further claimed by the defendant that plaintiff did not deliver the deed to it by May 1, 1927. The evidence does not sustain this contention. The deed was delivered to the defendant on April 7, and all steps taken thereafter regarding it were at the special instance and request of defendant. The defend-

ant therefore cannot be heard to say that plaintiff did not comply with the terms of the contract. It occurs to us that further comment is unnecessary. Clearly plaintiff, who, ever since April 8, 1927, has been ready, able, and willing to deliver the deed to defendant, is entitled to the relief prayed for in his petition.

*Decree accordingly.*

Hughes and Williams, JJ., concur.

Hughes and Justice, JJ., of the Third Appellate District, and Williams, J., of the Sixth Appellate District, sitting in place of Vickery, Levine and Sullivan, JJ., of the Eighth Appellate District.